**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hector Reyes Carmona,<br><br>  Petitioner,<br><br>v.<br><br>Pam Bondi, et al.,<br><br>  Respondents. | No. CV-25-00110-TUC-JGZ<br><br>**ORDER** |

Pending before the Court is Petitioner Hector Reyes Carmona's Motion for Temporary Restraining Order and/or Preliminary Injunction. (Doc. 5.)[1] Petitioner requests the Court issue "a temporary restraining order and order to show cause regarding a preliminary injunction, commanding Respondents to immediately issue an order staying removal during the pendency of Petitioner's motion to reopen based on the ineffective assistance of his prior counsel." (*Id.* at 2.) For the following reasons, the Court will grant Petitioner's motion, temporarily restrain Respondents from removing Petitioner, and set a briefing and hearing schedule for Petitioner's request for a preliminary injunction.

**I.   Background**

Petitioner is a citizen of Mexico and has resided in the United States since September 1993, when he was two years old. (*Id.*) On January 29, 2019, Petitioner was charged with inadmissibility pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). (Doc. 1 at 6; *see* 8 U.S.C. § 1182(a)(6)(A)(i).) Until December

---

[1] This case has been referred to Magistrate Judge Rateau for all preliminary proceedings. Because Plaintiff requests injunctive relief, the Court withdraws the reference.

1    2023, Petitioner was represented in his removal proceedings by Ms. Mary Margaret
2    Cowan. (Doc. 1 at 6.) Ms. Cowan has received various disciplinary sanctions for failing to
3    provide competent and diligent representation, including two-year practice suspensions
4    from the Board of Immigration Appeals ("BIA"), the Supreme Court of Pennsylvania, and
5    the Supreme Court of Arizona. (*Id.* at 11–12.) After his appeal and petition for review were
6    dismissed, Petitioner obtained new counsel. (*Id.* at 9–10.) On June 28, 2024, Petitioner
7    filed a Motion to Reopen and Request for Stay of Removal with the BIA on the basis of
8    ineffective assistance of counsel ("IAC"), which remains pending. (*Id.* at 10; *see* Doc. 1-3
9    at 3–29.)

10   On March 7, 2025, Petitioner filed a Writ of Habeas Corpus under 28 U.S.C. § 2241
11   with this Court. (Doc. 1.) Petitioner asserts that he is subject to a final order of removal
12   entered on April 8, 2022, and therefore he is in constructive custody for purposes of the
13   INA. (*Id.* at 3.) On March 10, 2025, Petitioner filed his Motion for Temporary Restraining
14   Order and/or Preliminary Injunction. (Doc. 5.) In his Motion, Petitioner states he faces
15   imminent removal to Mexico and execution of his removal order prior to adjudication of
16   his motion to reopen and exhaustion of the appeals process would violate his Fifth
17   Amendment due process rights. (*Id.* at 6, 9.)

18   **II.    Jurisdiction**

19   Petitioner asserts "[T]his Court has jurisdiction to stay the execution of Petitioner's
20   order of removal during the pendency of his motion to reopen because Petitioner does not
21   challenge the order of removal itself; rather, his request for a stay arises under independent
22   constitutional grounds." (Doc. 1 at 2.)

23   The REAL ID Act of 2005 prohibits "district courts from reviewing removal orders
24   and make[s] 'a petition for review filed with an appropriate court of appeals . . . the sole
25   and exclusive means for judicial review of an order of removal.'" *Poghosyan v. Wolf*, No.
26   520CV02295ODWAFM, 2020 WL 7347858, at *2 (C.D. Cal. Nov. 6, 2020) (first quoting
27   8 U.S.C. § 1252(a)(5); and then citing 8 U.S.C. § 1252(b)(9)). These "jurisdiction-stripping
28   provisions apply to direct challenges to an order of removal or where the grounds

- 2 -

underlying the habeas petition are 'wholly intertwined' with the merits of the removal order." *Id.* (citing *Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir. 2011)). Thus, this Court may only review challenges that arise independently of the removal order. *See Singh v. Gonzales*, 499 F.3d 969, 977–79 (9th Cir. 2007); *Holder*, 638 F.3d at 1211 ("[T]he REAL ID Act was not intended to preclude habeas review over challenges to detention that are independent of challenges to removal orders." (quoting H.R. Rep. No. 109-72, at 175)). Determining whether "the REAL ID Act preempts habeas jurisdiction requires a case-by-case inquiry turning on a practical analysis." *Poghosyan*, 2020 WL 7347858, at *2 (citing *Holder*, 638 F.3d at 1211).

Like the petitioner in *Poghosyan*, Petitioner asserts his Fifth Amendment due process right to be heard on his appeal and pending motion to reopen. *Id.* at *3. The Court does not need to consider the merits of Petitioner's final removal order or IAC claim. Thus, this Court has jurisdiction.

### III. Temporary Restraining Order

A party seeking injunctive relief under Federal Rule of Civil Procedure 65 must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.[2] *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that the standard for issuing a preliminary injunction is substantially identical to the standard for issuing a TRO).

A TRO may be entered without notice to the adverse party if:

(A) specific facts in an affidavit or a verified complaint clearly show

---

[2] Where a party "can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the [party]'s favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this Ninth Circuit "serious questions" test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

1   that immediate and irreparable injury, loss, or damage will result to the
2   movant before the adverse party can be heard in opposition; and
3       (B) the movant's attorney certifies in writing any efforts made to give
4   notice and the reasons why it should not be required.

5 Fed. R. Civ. P. 65(b). Here, Petitioner's attorney certified in writing that he notified the
6 U.S. Attorney for the District of Arizona of Petitioner's motion via e-mail. (Doc. 5-3.)
7 Petitioner is subject to a final order of removal and alleges he "has an unknown and finite
8 number of days before ICE executes his removal order and sends him to Mexico." (Doc. 5
9 at 11.) Therefore, Petitioner has met the requirements for an ex parte TRO.

10     In the Ninth Circuit, "a petitioner seeking a stay of removal must show that
11 irreparable harm is probable and either: (a) a strong likelihood of success on the merits and
12 that the public interest does not weigh heavily against a stay; or (b) a substantial case on
13 the merits and that the balance of hardships tips sharply in the petitioner's favor." *Leiva-*
14 *Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (discussing application of *Nken v.*
15 *Holder*, 556 U.S. 418, 444 (2009)).

16         A.  <u>Likelihood of Success on the Merits & Irreparable Harm</u>

17     Petitioner "raises serious questions going to the merits, that the government is
18 depriving him of due process rights." *Poghosyan*, 2020 WL 7347858, at *3. "Immigration
19 proceedings . . . must conform to the Fifth Amendment's requirement of due process."
20 *Salgado-Diaz v. Gonzales*, 395 F.3d 1158, 1162 (9th Cir. 2005). "Ineffective assistance of
21 counsel in a deportation proceeding is a denial of due process under the Fifth Amendment
22 if the proceeding was so fundamentally unfair that the alien was prevented from reasonably
23 presenting his case." *Ortiz v. I.N.S.*, 179 F.3d 1148, 1153 (9th Cir. 1999) (quoting *Lopez v.*
24 *I.N.S.*, 775 F.2d 1015, 1017 (9th Cir. 1985)). Petitioner's allegations of IAC are supported.
25 (*See* Doc. 1-3.)

26     Petitioner asserts that his Fifth Amendment claim requires the Court to "balance
27 three factors: (1) the private interest affected; (2) the risk of erroneous deprivation through
28 the procedures used and the value of additional safeguards; and (3) the government's

interest, including the burdens of additional procedural requirements." (Doc. 5 at 10 (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).) Petitioner is subject to a final order of removal and alleges he "has an unknown and finite number of days before ICE executes his removal order and sends him to Mexico." (Doc. 5 at 11.) The Court agrees with Petitioner that removal prior to the adjudication of his motion to reopen would create significant barriers to continued litigation and further deprive him of his due process right to a full and fair hearing. At minimum, Petitioner has a "substantial case on the merits" of his due process claim. *Leiva-Perez*, 640 F.3d at 970. Moreover, "the deprivation of constitutional rights unquestionably constitutes irreparable injury." *Hernandez v. Sessions*, 872 F.3d 976, 994–95 (9th Cir. 2017) (citations omitted).

### B. Balance of Equities & Public Interest

Lastly, the balance of hardships tips sharply in Petitioner's favor. A stay will maintain the status quo until Respondents have had an opportunity to brief the Petition and Motion for Preliminary Injunction and will facilitate a considered review of the parties' arguments by the Court and a reasoned decision on the issues presented. The Government will not be prejudiced if Petitioner is allowed a full hearing on his motion to reopen, and the public has an interest in upholding constitutional rights.

Accordingly,

**IT IS ORDERED** Petitioner's Motion for a Temporary Restraining Order without notice (Doc. 5) is **granted**. Respondents are enjoined from removing Petitioner Hector Reyes Carmona (A# 207-015-790) from the United States for **14 days**, pending further order of this Court. A hearing regarding Petitioner's request for a Preliminary Injunction is set for **Monday, March 24, 2025, at 9:30am**.

**IT IS FURTHER ORDERED** Counsel for Respondents must file a response to the Motion for Preliminary Injunction no later than Wednesday March 19, 2025. Petitioner may file a Reply no later than Friday March 21, 2025.

**IT IS FURTHER ORDERED** the Clerk of Court must immediately transmit by email a copy of this Order and a copy of Petitioner's Petition and Motion (Docs. 1, 5) to

1  the United States Attorney for the District of Arizona, to the attention of Katherine Branch
2  at katherine.branch@usdoj.gov and Bill Solomon at william.solomon@usdoj.gov.
3        **IT IS FURTHER ORDERED** if not already issued, the Clerk's Office must issue
4  any properly completed summonses.
5        **IT IS FURTHER ORDERED** Counsel for Petitioner must immediately serve the
6  Petition and Motion upon Counsel for Respondents.
7        Dated this 12th day of March, 2025.

_____
Jennifer G. Zipps
Chief United States District Judge